JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3924 PA (PLAx) | Date | June 3, 2020 |
|---|---|---|---|
| Title | Karo Hajibekyan, et al. v. BMW of N. Am., LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Compel Arbitration filed by defendant BMW of North America, LLC ("BMW NA") (Docket No. 11).  BMW NA seeks to have the claims asserted against it by plaintiff Karo Hajibekyan ("Plaintiff") arbitrated.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 8, 2020, is vacated, and the matter taken off calendar.

### I.  Factual and Procedural Background

Plaintiff's Complaint, which he filed in Los Angeles Superior Court on March 20, 2020, alleges express and implied warranty and other "lemon law" claims against BMW NA pursuant to California's Song-Beverly Act arising out of Plaintiff's lease of a BMW vehicle.  Plaintiff alleges that the vehicle was delivered to him with serious defects and nonconformities that did not conform to the quality and safety guidelines reasonably expected of motor vehicles.  BMW NA removed the action to this Court on April 29, 2020, based on the Court's diversity jurisdiction.

According to BMW NA's Motion to Compel Arbitration, Plaintiff entered into a written contract with Pacific BMW for the lease of the subject vehicle on November 18, 2017.  As part of that lease, Plaintiffs executed a written Motor Vehicle Lease Agreement that identified Pacific BMW as the "Lessor" and BMW Financial Services NA, LLC ("BMW FS") as the "Assignee."  Pursuant to section 2 of the Motor Vehicle Lease Agreement, both the Lessor and the Assignee are referred to as "you" and "your" throughout the Motor Vehicle Lease.  A new vehicle warranty provided by BMW NA, as the manufacturer, accompanied the subject vehicle.  The Motor Vehicle Lease Agreement included a warranty provision and an arbitration provision, which stated:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3924 PA (PLAx) | Date | June 3, 2020 |
|---|---|---|---|
| Title | Karo Hajibekyan, et al. v. BMW of N. Am., LLC | | |

**16.    WARRANTIES**

The Vehicle is subject to the following express warranties.  If the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty.

. . .

**38.    ARBITRATION CLAUSE**

**PLEASE REVIEW - IMPORTANT - AFFECTS OUR LEGAL RIGHTS**

**NOTICE:** Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial.  If a dispute is arbitrated, I will give up my right to participate as a class representative or class member on any Claim I may have against you including any right to class arbitration or any consolidation of individual arbitrations.  Discovery and rights to appeal in arbitration are generally more limited than in a lawsuit, and other rights you and I would have in court may not be available in arbitration.

**"Claim"** broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).  Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action.

BMW NA asserts that although it is not a signatory to the Motor Vehicle Lease Agreement, it may enforce the arbitration provision under the terms of the arbitration provision as an intended third-party beneficiary of the contract as an "affiliate" of BMW FS, which is a party to the Motor Vehicle Lease Agreement, and under principles of equitable estoppel.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3924 PA (PLAx) | Date | June 3, 2020 |
|---|---|---|---|
| Title | Karo Hajibekyan, et al. v. BMW of N. Am., LLC | | |

**II.     Analysis**

      The Federal Arbitration Act ("FAA") provides that any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  The FAA reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract."  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011) (internal quotations and citations omitted).  As a result, "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms."  Id. (internal citations omitted).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original); see also Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (Under the FAA, a courts role is "limited  to determining (1) whether a valid agreement to arbitrate exists and, if it does (2) whether the agreement encompasses the dispute at issue.  If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms.") (internal citations omitted). To require arbitration, a claim's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability."  Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999).  As a result, courts must "examine the factual allegations raised to determine which . . . causes of action are arbitrable."  Id.

      "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc., 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765(1983)).  In determining whether parties have agreed to arbitrate a dispute, Courts apply "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration."  Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (9th Cir. 2009).

      "'[N]onsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles.'"  Comer v. Micor, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting Letizia v. Prudential Bache Sec., Inc., 802 F.2d 1185, 1187-88 (9th Cir. 1986)).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3924 PA (PLAx) | Date | June 3, 2020 |
|---|---|---|---|
| Title | Karo Hajibekyan, et al. v. BMW of N. Am., LLC | | |

Nonsignatories may be compelled to arbitrate based on "'1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel.'"  Id. (quoting Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995)).  "Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'"  Id. (quoting Wash. Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004)); see also id. ("[N]onsignatories have been held to arbitration clauses where the nonsignatory 'knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'") (quoting E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediaries, 269 F.3d 187, 199 (3d Cir. 2001)).

California law similarly applies principles of equitable estoppel to compel nonsignatories to arbitrate disputes.  See JSM Tuscany, LLC v. Superior Court, 193 Cal. App. 4th 1222, 1239-40, 123 Calo. Rptr. 3d 429, 443 (2011) ("There is no reason why this doctrine [of equitable estoppel] should not be equally applicable to a nonsignatory plaintiff.  When that plaintiff is suing on a contract—on the basis that, even though the plaintiff was not a party to the contract, the plaintiff is nonetheless entitled to recover for its breach, the plaintiff should be equitably estopped from repudiating the contract's arbitration clause."); see also id. at 1240, 123 Cal. Rptr. 3d at 444 ("This is particularly true where, as appears to be the case here, all of the plaintiffs, signatory and nonsignatory, are related entities.  A nonsignatory can be compelled to arbitrate when a preexisting relationship existed between the nonsignatory and one of the parties to the arbitration agreement, making it equitable to compel the nonsignatory to arbitrate as well.").

As have other Courts in the Central District that have construed the arbitration provision's extension to "affiliates" of the signatories, this Court concludes that it is undisputed that BMW NA is an affiliate of BMW FS, and as a result of it being an "affiliate," can enforce the arbitration provision as a third-party beneficiary.  See Wayans v. BMW of N. Am., LLC, Case No. 19-7319 MWF (JEMx) (C.D. Cal. Jan. 7, 2020); Fikhman v. BMW of N. Am., LLC, Case No. 19-3963 VAP (MRWx) (Oct. 15, 2019).  Contrary to Plaintiff's assertion, the Ninth Circuit's decision in Kramer v. Toyota Motor Corp., 705 F.3d 1122 (9th Cir. 2013), does not control, because the arbitration clause in Kramer was far narrower than the provision contained in Plaintiffs' lease agreement, and, importantly, did not broadly apply to "affiliates" of the signatories and to a claim that "arises out of or relates to my credit application, lease, purchase or condition" of the vehicle.

## Conclusion

For all of the foregoing reasons, the Court concludes that BMW NA may enforce the arbitration provision contained in the lease agreement.  The Court therefore grants BMW NA's

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3924 PA (PLAx) | Date | June 3, 2020 |
|---|---|---|---|
| Title | Karo Hajibekyan, et al. v. BMW of N. Am., LLC | | |

Motion to Compel Arbitration and orders the parties arbitrate their dispute. Because all of Plaintiff's claims are subject to arbitration, this action is dismissed. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (stating that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978). The Scheduling Conference, previously calendared for June 15, 2020, is vacated.

  IT IS SO ORDERED.